## In re B. W. SCOTT BOOK & ART STORE, Inc.
## No. 20774.

District Court, W. D. New York.
May 1, 1934.

George F. Ditmars, of Geneva, N. Y., in pro. per.

William S. Moore, of Geneva, N. Y., for execution creditors.

KNIGHT, District Judge.

This matter comes before the court on a petition to review a decision of the referee in bankruptcy disallowing priority to the claims of four creditors. Execution was issued on a judgment in favor of Hall Bros. on January 25, 1932. The deputy sheriff proceeded to the bankrupt's place of business and made a levy on the stock and fixtures. No inventory was made, but the goods were left in the store, and judgment debtor's representative agreed to make payments on the execution. The bankrupt store was allowed to remain open; the business being carried on and merchandise stock being sold and bought as usual. On September 9, 1932, January 5, 1933, and January 30, 1933, similar levies were made on executions in favor of Baid's, Inc., Parker Pen Company, and Mabie-Todd, Inc. As before, a memorandum of the levy was noted on the execution, but the goods were left in the store, which was allowed to remain open for business. Payments on three of these executions were made from time to time. On several occasions, the sheriff was ordered to proceed with a sale of the goods by the attorney for Baid's, Inc., and Mabie-Todd, Inc. No sale was held, however, and the sheriff reported to the attorney that he thought it best to let the store continue on and be open and was told to use his own judgment. No instructions were given to the sheriff with regard to a sale under the other levies. The petition in bankruptcy was filed on October 2, 1933.

The execution creditors contend that their judgments constitute valid liens against the bankrupt and are entitled to priority, since the executions were issued more than four months prior to bankruptcy. The trustee asserts that the levies were allowed to become dormant and that their priority was lost due to the intervention of bankruptcy.

Under the recent opinion of the Supreme Court in Minnich v. Gardner, 54 S. Ct. 567, 78 L. Ed. ——, decided April 2, 1934, a lien procured more than four months prior to bankruptcy is valid as a priority lien, even though it was allowed to become dormant for a period, if later and prior to the intervention of other rights and liens it was revived. In that case it was shown that, although nearly seventeen months had passed since the making of the levy, nine days before the bankruptcy petition was filed the creditor ordered the sheriff to proceed at once under the original levy to advertise for sale and sell the goods held under the levy. In the present case, although at one time the sheriff was directed to sell the goods held under the lien on the executions of Baid's, Inc., and Mabie-Todd & Co., it further appears that the sheriff reported to the attorney for the creditor that he thought it best to let the store continue to be open, and thereupon was told to use his own judgment. By allowing the sheriff to use his own judgment, the creditor allowed the execution to remain dormant, and it remained so until the filing of the petition in bankruptcy. The intervention of bankruptcy destroyed the priority of the lien, since the trustee stands in the position of one armed with execution. On the other executions, no instructions were received by the sheriff in regard to the sale of the goods, and thus no claim of revival can be advanced thereon.

The decision of the referee is affirmed.